UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAGINAW OFFICE SERVICES, INC., d/b/a
SOS EXPRESS,

     Plaintiff,                                      Case No. 2:09-cv-13889

vs.                                                 Honorable George Caram Steeh

BANK OF AMERICA, N.A., a National
Bank,

     Defendant.

| | |
|---|---|
| Francis J. Keating (P39223) | Joseph H. Hickey (P41664) |
| Michael J. Sauer (P30692) | Debra M. McCulloch (P31995) |
| Attorneys for Plaintiff | Attorneys for Defendant Bank of America, N.A. |
| BRAUN KENDRICK FINKBEINER P.L.C. | DYKEMA GOSSETT PLLC |
| 4301 Fashion Square Boulevard | 39577 Woodward Avenue, Suite 300 |
| Saginaw, MI 48603 | Bloomfield Hills, MI 48304 |
| (989) 498-2100 | (248) 203-0555 or (248) 203-0785 |
| | jhickey@dykema.com |
| | dmcculloch@dykema.com |

**STIPULATED PROTECTIVE ORDER RELATED TO DOCUMENTS AND OTHER INFORMATION PRODUCED IN RESPONSE TO DISCOVERY REQUESTS**

    In order to preserve and maintain the confidentiality of documents and other information that contain confidential, trade secret and/or proprietary information produced in response to discovery requests, the parties stipulate and it is ordered that the following procedures shall apply to documents and other information produced by the parties and designated as Confidential in this matter:

    1.    For purposes of this Stipulated Order, documents that contain confidential, trade secret and/or proprietary information shall hereafter be referred to as "Protected Documents."

The Protected Documents and any portion thereof and/or information contained therein shall only be used, shown or disclosed as provided in this Order. The Protected Documents will be designated with a "Confidential" stamp.

2. Protected Documents and any copies thereof received pursuant to paragraph 3 below shall be maintained confidential by the receiving party, his/her attorney, other representatives, and expert witnesses, and shall be used only for preparation for the mediation/trial of this matter, subject to the limitations set forth herein.

3. Protected Documents shall be disclosed only to "Qualified Persons." Qualified Persons are limited to:

   a. Counsel of Record for the parties, and the parties;
   b. Staff employed by Counsel of Record and involved in the preparation and trial of this action;
   c. Experts and non-attorney consultants retained by the parties for the preparation or trial of this case;
   d. Third-party witnesses who possess relevant information concerning the case and whose discovery is needed; and
   e. The Court, the Court's staff.

4. Before receiving access to any Protected Document or the information contained therein, each person described in paragraph 3 (c) and 3 (d) above shall execute a "Written Assurance" in the form contained in Exhibit A, attached hereto. Counsel for the parties will retain the Written Assurance and will keep a list of all persons who have received Protected Documents.

5. To the extent that Protected Documents or information obtained therefrom are used in the taking of depositions and/or used as exhibits at trial, such documents or information shall remain subject to the provisions of this Order, along with the transcript pages of the

deposition testimony and/or trial testimony dealing with the Protected Documents or information.

6. All documents that are filed with the Court that contain any portion of any Protected Document or information taken from any Protected Document shall be filed in a sealed envelope and/or other container on which shall be endorsed the title of the action to which it pertains, an indication of the nature of the contents of such sealed envelope or other container, the phrase "Subject To Protective Order," and a statement substantially in the following form: "This envelope or container shall not be opened without order of the Court, except by the Court, the Court staff, and counsel of record, who, after reviewing the contents, shall return them to the clerk in a sealed envelope or container."

7. Within 21 days of receiving Protected Documents, the receiving party must either object to the designation, or else waive any objection to the designation. A party who objects to the designation shall within that 21 day period, serve objections to the designation and request in writing, a telephone conference to resolve the conflict. The party asserting the designation is responsible for making good faith efforts to arrange that conference. If the parties cannot resolve the objections to the designation, the party asserting the designation of confidentiality shall move within 14 days of receiving the objections, for a protective order under Federal Rule of Court Civil Procedure Rule 26(c), showing good cause, specific harm arising from the disclosure, and setting forth reasonable restrictions which it requests on the discovery sought. The failure to move for a protective order within that 21 day period waives the designation.

8. Any court reporter or transcriber who reports or transcribes testimony in this action shall agree that all "Protected Documents" and information designated as such under this Order shall remain "confidential" and shall not be disclosed by them, except pursuant to the

3

terms of this Order, and that any notes or transcriptions of testimony regarding the Protected Documents, and any Protected Documents used as deposition exhibits will be retained by them or delivered to counsel of record.

9. Within ninety (90) days after the entry of a final non-appealable Order disposing of all claims in this case, counsel for the parties who received Protected Documents shall either (a) return the Protected Documents to the producing party, including any documents which any such party disclosed to any person described in paragraphs 3(c) and 3(d) above, or (b) securely destroy the Protected Documents, including any documents which any such party disclosed to any person described in paragraphs 3(c) and 3(d) above, and certify such destruction to the producing party.

10. Use of Protected Documents in Dispositive Motions and at trial shall be subject to further stipulation and/or Order of the Court.

11. This Protective Order may not be waived, modified, abandoned or terminated, in whole or part, except by Order of the Court or an instrument in writing signed by the parties. If any provision of this Protective Order shall be held invalid for any reason whatsoever, the remaining provisions shall not be affected thereby.

12. After termination of this litigation, the provisions of this Order shall continue to be binding. This Court retains and shall have jurisdiction over the parties and recipients of the Protected Documents for enforcement of the provisions of this Order following termination of this litigation.

13. This Protective Order shall be binding upon the parties hereto, upon their attorneys, and upon the parties' and their attorneys' successors, administrators, legal

representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

14. All persons described in paragraph 3 above shall not under any circumstance sell, offer for sale, advertise, or publicize either the Protected Documents and/or the information contained therein.

So Ordered, this 16th day of December, 2009.

                                                s/George Caram Steeh
                                                Honorable George Caram Steeh
                                                United States District Judge

**STIPULATIONS:**

| **BRAUN KENDRICK FINKBEINER P.L.C.** | **DYKEMA GOSSETT PLLC** |
|---|---|
| By: /s/ Francis J. Keating with Consent<br>Francis J. Keating (P39223)<br>Michael J. Sauer (P30692)<br>Attorneys for Plaintiff<br>BRAUN KENDRICK FINKBEINER P.L.C.<br>4301 Fashion Square Boulevard<br>Saginaw, MI 48603<br>(989) 498-2100<br>frakea@bkf-law.com | By: /s/Debra M. McCulloch<br>Joseph H. Hickey (P41664)<br>Debra M. McCulloch (P31995)<br>Attorneys for Defendant Bank of America, N.A.<br>DYKEMA GOSSETT PLLC<br>39577 Woodward Avenue, Suite 300<br>Bloomfield Hills, MI 48304<br>(248) 203-0555 or (248) 203-0785<br>dmcculloch@dykema.com |
| Dated: December 15, 2009 | Dated: December 15, 2009 |

BH01\1085491.2
ID\DMM - 074925/0225